# N. Y. COMMON PLEAS.

JOHN TILTON *et al.* agt. THE UNITED STATES LIFE INSURANCE
COMPANY *et al.*

*Examination of parties who are made defendants before trial—what affidavits must contain on which to found the order.*

The examination of parties who are made defendants in expectation or hope that upon their examination some cause of action may thereby be discovered against them or against any co-defendant, will not be allowed where no cause of action is shown by *affidavits* to exist against them in favor of plaintiffs.

Affidavits on mere information and belief, not stating any of the evidence upon which such belief is founded, are wholly insufficient for such purpose.

The distinction between an affidavit and complaint pointed out.

*Special Term, December,* 1876.

MOTION to vacate order requiring defendants to be examined on the part of plaintiffs for the purpose of enabling the plaintiffs to make and serve their complaint in this action.

*W. J. Butler,* for plaintiffs.

*A. J. Vanderpoel,* for defendants.

VAN BRUNT, *J.*— This is a motion to vacate an order requiring the defendants James Buell, Clarence P. Fraleigh and John E. De Witt to be examined on the part of the plaintiffs for the purpose of enabling the plaintiffs to make and serve their complaint in this action. The defendants base their motion upon the ground that the affidavits of the

Tilton agt. United States Life Insurance Company.

plaintiffs, upon which the order for examination was obtained, contains no evidence of the existence of any cause of action against them in favor of the plaintiffs, and that they have been made parties only in the expectation and hope that upon their examination some cause of action may be discovered against their co-defendant, the United States Insurance Company.

The affirmations of the affidavits against the defendants Buell, Fraleigh and De Witt are embraced between folios 23 and 32, both inclusive, and every affirmation is upon information and belief, without in a single instance giving the source of their information or its nature, or the ground upon which the belief is founded.

The allegation of a fact upon information and belief in a complaint, without stating any of the evidence upon which that belief is founded, is a perfectly good allegation, because it is the duty of the pleader to state the facts upon which he believes his cause of action is founded, and not any part of the evidence tending to establish those facts. The office of an affidavit is very different. An affidavit must not only state facts, but also the evidence tending to establish those facts. It is the weight of the evidence disclosed in an affidavit that gives it its influence. The court must be satisfied from the evidence which the affidavit contains that the facts exist entitling the party to the remedy sought. It is in most cases, there being a few exceptions, a matter entirely immaterial what the affiant believes from the information which he has received. The question necessarily is, is the court satisfied that the information conveyed, considering its character and the source from which it comes, justifies the affiant in the belief to which he has sworn?

That this is the true function of an affidavit is distinctly recognized by the Code, because it requires in every instance a party applying for a provisional remedy to show that he is entitled to it by evidence furnished by affidavits, and that, too, in one instance where the complaints must be before the court at the same time. An injunction cannot be granted

Tilton agt. United States Life Insurance Company.

unless it shall appear by the complaint that the plaintiff is entitled to such relief, but that sufficient grounds therefor exist must be shown by affidavits to the court or judge. And how is it possible for the court or judge to be satisfied that sufficient grounds therefor exist except by a disclosure by the affidavits of the evidence by which the plaintiff proposes to establish the facts in his complaint, and which, if established, entitles him to the injunction? It seems to me, therefore, that an affirmation in an affidavit, upon information and belief, without giving the evidence upon which that belief is founded, is entirely nugatory and presents to the court nothing upon which it can act.

I am aware that it is a common form of drawing an affidavit, but I think upon a moment's reflection it will be seen that there is the distinction which I have suggested between an affidavit and a complaint, and which must be preserved. I think, therefore, that all the affirmations in the affidavits upon which the order for the examination of the defendants were founded, being upon information and belief, and the affidavits not stating any of the evidence upon which such belief is founded, there is no evidence that any cause of action whatever exists in favor of the plaintiff against the defendants sought to be examined, and the order for such examination should be vacated, with ten dollars costs of motion.